#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KARL JACOB STURM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-00148-PRW |
| | ) | |
| FNU GOLDEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is United States Magistrate Judge Chris M. Stephens's Report and Recommendation (Dkt. 12) and what the Court liberally construes as Plaintiff Karl Jacob Sturm's Objection (Dkt. 16). For the reasons given below, the Court **ADOPTS** Judge Stephens's Report and Recommendation (Dkt. 12) in its entirety.

*Background*

Sturm, a *pro se* federal prisoner, brings 29 claims against 22 prison official defendants in both their official and individual capacities. After screening the matter under to 28 U.S.C. §1915A, Judge Stephens recommended that the Court dismiss most of Sturm's claims without prejudice. (Dkt. 12). Sturm timely objected. (Dkt. 16).

*Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[1] An objection is "proper" if it is both timely and

---

[1] Fed. R. Civ. P. 72(b)(3).

1

specific.[2] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[3] Additionally, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."[4] Because Plaintiff is proceeding *pro se*, the Court construes his objections and filings liberally without serving as his advocate.[5] A court should only dismiss "a pro se complaint for failure to state a claim" where "it would be futile to give him an opportunity to amend."[6]

*Analysis*

I. **The Court denies Sturm's requests for a temporary restraining order and for appointment of counsel.**

As a preliminary matter, the Court notes that Sturm's "Motion of Time Extension for Opposition of Plaintiff(s) Reply" (Dkt. 14) (which the Court previously liberally construed as a request for an extension of time to object to Judge Stephens's Report and Recommendation) contains a request for a temporary restraining order against several prison officials. But he has not, as Federal Rule of Civil Procedure 65(b)(1)(B) requires, certified "in writing any efforts made to give notice and the reasons why it should not be required." A temporary restraining order is an extraordinary remedy, so "the right to relief

---

[2] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[3] *Id.*

[4] *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

[5] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Gray v. Geo Grp., Inc.*, 727 F. App'x 940, 946 (10th Cir. 2018).

must be clear and unequivocal."[7] The Tenth Circuit has emphasized that Rule 65 demands strict compliance.[8] And though Sturm appears pro se, he is held "to the same rules of procedure as other litigants."[9] The Court therefore **DENIES** Sturm's request.

In the same motion (Dkt. 14), as well as in his Objection (Dkt. 16), Sturm also requests court-appointed counsel. Generally, there is no right to have counsel appointed in a civil case.[10] Courts in their discretion may appoint civil litigants counsel, upon consideration of factors such as "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[11] Upon consideration, the Court concludes that Sturm has not demonstrated circumstances warranting the appointment of counsel at this time. There is nothing to indicate that his claims are particularly complex. Sturm pleads his case understandably, and the motions he has filed demonstrate a sufficient understanding of Court procedures. Accordingly, Sturm appears to be capable of representing himself in this litigation. While Sturm faces challenges, such difficulties are common to all pro se civil litigants. Accordingly, the Court **DENIES** Sturm's request for appointment of counsel.

---

[7] *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1299 (10th Cir. 2006).

[8] *Com. Sec. Bank v. Walker Bank & Tr. Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972) (reversing the district court's issuance of a temporary restraining order in part because the court had failed to comply with Fed. R. Civ. P. 65(b)).

[9] *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007).

[10] *McCleland v. Raemisch*, No. 20-1390, 2021 WL 4469947, at *5 (10th Cir. Sept. 30, 2021) (citation omitted).

[11] *Id.* (citation and internal quotation marks omitted).

## II. The Court adopts Judge Stephens's Report and Recommendation.

Liberally construed, Sturm raises two specific objections to the Report and Recommendation. First, he objects to Judge Stephens's recommendation that the Court dismiss Sturm's Federal Tort Claims Act claims for his failure to allege facts establishing that he timely complied with the FTCA's exhaustion requirement. Sturm argues that he need not include grievance details in the complaint because exhaustion is an affirmative defense that must be raised by the defendants.[12] That is incorrect. As Judge Stephens correctly notes, the FTCA's exhaustion requirement is a jurisdictional prerequisite that cannot be waived.[13] Sturm also argues that the Complaint alleges that he did in fact submit "BP-10" form. But, as Judge Stephens observes, the Complaint does not show that this form meets the requirement to make a written claim for money damages in a sum certain. Accordingly, dismissal of Sturm's FTCA claims is appropriate here, as he alleges no facts in his Complaint to show that he complied with the FTCA exhaustion requirement.[14]

---

[12] Objection (Dkt. 16), at 3.

[13] R. & R. (Dkt. 12), at 14 (quoting *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016)); *see also Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999). Sturm cites to *Jones v. Bock*, in which the Supreme Court held that failure to exhaust administrative remedies is an affirmative defense under the Prison Litigation Reform Act, not the Federal Tort Claims Act at issue here. 549 U.S. 199, 216 (2007); *see also Pauletta v. Diehl*, No. 1:23-CV-01759, 2024 WL 3461052, at *6 (M.D. Pa. July 17, 2024) ("Although the exhaustion requirement under the Prison Litigation Reform Act of 1995 is an affirmative defense and can be waived, the exhaustion of administrative remedies under the FTCA is jurisdictional and cannot be waived." (citation and internal quotation marks omitted).

[14] *See also Moles v. Lappin*, No. CIV-08-594-F, 2010 WL 796756, at *9 (W.D. Okla. Feb. 26, 2010).

Second, he objects to Judge Stephens's recommendation that the Court dismiss Sturm's *Bivens* claim for an Eighth Amendment violation based on Defendants' failure to provide medical and mental health treatment.[15] Sturm argues that his *Bivens* claim is cognizable because the facts of his case are similar to the factual context in *Carlson v. Green*.[16] But Judge Stephens rightly points out that the Supreme Court has emphasized that courts "may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure."[17] And the Tenth Circuit has held that the Bureau of Prison's Administrative Remedy Program qualifies as an adequate alternative remedy as to foreclose a federal prisoner's *Bivens* claim.[18] Thus, courts generally "should not recognize a *Bivens* claim even if the factual context is not meaningfully different from that in . . . *Carlson*" where the Administrative Remedy Program is available to prisoners. The Court therefore agrees with Judge Stephens's well-reasoned conclusion and finds that Sturm's *Bivens* claim for an Eighth Amendment Violation based on Defendants' failure to provide medical treatment should be dismissed.

Finally, in his objection, Sturm requests leave to amend his complaint to add additional defendants. The remainder of his Objection contains additional facts and issues relevant to the claims he wishes to add that were not raised before Judge Stephens. They

---

[15] Objection (Dkt. 16), at 3.

[16] 446 U.S. 14 (1980).

[17] R. & R. (Dkt. 12), at 9 (quoting *Egbert v. Boule*, 596 U.S. 482, 493 (2022)).

[18] *Silva v. United States*, 45 F.4th 1134, 1141 (10th Cir. 2022); *see also Noe v. United States Gov't*, No. 23-1025, 2023 WL 8868491, at *3 (10th Cir. Dec. 22, 2023), *cert. denied sub nom. Noe v. Berkley*, 144 S. Ct. 2562 (2024).

are therefore improper and the Court will not consider them here.[19] Sturm may file a motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Such motion must include the proposed amended complaint, as required by LCvR15.1.

In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[20] The Court thus reviews the unobjected-to portions of the Report and Recommendation to confirm that there is no clear error on the face of the record.[21] Finding none, the Court agrees with Judge Stephens's analysis and conclusions.

## *Conclusion*

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 12) and **DISMISSES WITHOUT PREJUDICE** Sturm's (1) *Bivens* claims; (2) Federal Torts Claims Act claims; (3) Religious Freedom Restoration Act claims against Defendants in their official capacities; and (4) Prison Rape Elimination Act claim. This ruling does not conclude the case, which remains under referral to Judge Stephens for further proceedings.

**IT IS SO ORDERED** this 6th day of May 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[19] *Marshall*, 75 F.3d at 1426; *see also Everett v. NAPCO Pipe & Fittings*, No. 23-1039-JWB, 2024 WL 4116647, at *2 (D. Kan. Sept. 9, 2024).

[20] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[21] *Id.*